UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      2:07-cv-403-FtM-29SPC

REAL PROPERTY LOCATED AT 2676 LARMIE
STREET, FORT MYERS, FL 33916 and ONE
2006 FORD F-150 PICKUP TRUCK,

    Defendant.

_____

**OPINION AND ORDER**

On January 23, 2009, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #63) to the Court recommending that plaintiff's Amended Motion for Summary Judgment (Doc. #50) be granted. Claimant Isaac Marion filed Objections (Doc. #64) on January 27, 2009.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which

specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

The United States seeks to forfeit as the proceeds of drug sales (1) real property located at 2676 Larmie Street, Fort Myers, Florida and (2) a 2006 Ford F-150 pickup truck (collectively the Properties).  The United States and claimant largely agree to the underlying facts, which are correctly summarized in the Report and Recommendation at pages 1 through 7.  The effect of these undisputed facts is that the United States has established that the Properties were purchased with the proceeds of drug transactions and that Marion was not an innocent owner.  Marion argues, however, that summary judgment of forfeiture cannot be granted in favor of the United States because there are disputed issues of material fact as to whether the United States is estopped[1] from forfeiting the Properties and because forfeiture would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

---

[1] Marion's Response (Doc. #56, p. 7) and Objections (Doc. #64, p. 2) refer to "collateral estoppel", but Marion is actually asserting equitable estoppel.

There is indeed a disputed issue of fact. Specifically, Marion asserts that during his debriefings with government agents he was told in various ways that the Properties would not be forfeited. The United States denies that such statements were made, but argues that in any event the evidence fails to establish all the elements of estoppel. In the context of a summary judgment motion, the Court assumes that these statements were made (i.e., views the disputed evidence in favor of the non-moving party) and decides whether the United States is nonetheless entitled to summary judgment.

In Marion's Response to Government Motion for Summary Judgment (Doc. #56) and attached Affidavit (Doc. #56-2), Marion asserts the following facts, which, in addition to the undisputed facts, the Court assumes to be true at this stage of the proceedings:

Marion agreed to cooperate with the government in the underlying criminal case, Case No. 2:06-cr-88-FtM-29SPC. Pursuant to this cooperation, Marion "attended and participated in numerous debriefings with law enforcement agents and prosecutors. During each and every one of these debriefings" Marion's assets were discussed, including the Properties now subject to forfeiture. (Doc. #56, p. 2.) Marion truthfully told the government during these debriefings how each asset was obtained and the source of the funds utilized to obtain the asset. "There were numerous times during the debriefing when the Government represented to Marion that the Government would not seek forfeiture of the Subject

Properties.  At one point during a debriefing, Lead Agent Robert Leverance actually told Marion to stop complaining about what the Government was forfeiting because Marion was lucky the Government was allowing him to keep the Subject Properties."  (Doc. #56, p. 3.)  Additionally, "Marion was told by the Government that in exchange for the concessions by the Government regarding the Subject Properties, Marion would waive any claims to the other properties listed in the criminal indictment and give up his right to trial in that case by pleading guilty."  (Doc. #56, pp. 3-4.)  Marion agreed, and never made any claims on the other properties forfeited by the government.  Marion stated that he and the government had an agreement not to forfeit the Properties, and that all these discussions "were part and parcel of a negotiated plea between the parties."  (Doc. #56, p. 4.)  Marion "does not assert that the Court was made aware of the agreement between the parties in the criminal forfeiture, . . ."  (Doc. #56, p. 5.)[2]

---

[2]It would appear that Marion's Affidavit (Doc. #56-2) is simply a sham, and therefore cannot be used to create a material disputed fact.  <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003).  The Plea Agreement Marion signed contains a "Forfeiture of Assets" provision which identifies four other assets to be forfeited and states that "[t]he assets to be forfeited specifically include, but are not limited to, the following: . . ."  (Case No. 2:06-cr-88, Doc. #83, p. 8.)  The Plea Agreement also contains a substitute asset provision which states that "[t]he defendant agrees that the United States is not limited to forfeiture of the property described above."  (<u>Id.</u> at p. 10.)  The Plea Agreement nowhere contains a promise that the Properties would not be forfeited, and Marion's signature appears on the same page as the statement: "This plea agreement constitutes the entire agreement between the government and the defendant with respect to
(continued...)

**A.**

If estoppel against the government is permitted at all, a party must establish the following four elements: (1) words, conduct or acquiescence that induced reliance; (2) wilfulness or negligence with regard to the words, conduct or acquiescence; (3) detrimental reliance; and (4) affirmative misconduct by the government. United States v. McCorkle, 321 F.3d 1292, 1297 (11th Cir. 2003); Tefel v. Reno, 180 F.3d 1286, 1302-03 (11th Cir. 1999). Estoppel claims will lie against the government only in the most extreme circumstances, and the burden on the party seeking estoppel is heavy. Ellinger v. United States, 470 F.3d 1325, 1336 n.9 (11th Cir. 2006).

Marion has sufficiently set forth words and conduct which caused him to believe that the Properties would not be forfeited by the United States. Marion asserts that this is exactly what government agents specifically told him on more than one occasion during official debriefings. Additionally, Marion asserts that statements were made which created a reasonable inference that he was being promised the Properties would not be forfeited.

Marion has also set forth sufficient facts to establish that the words and conduct were willful. The actions are alleged to

---

²(...continued)
the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea." (Id. at p. 17.) However, since the government has not raised this issue, the Court will consider Marion's Affidavit.

have been taken by government agents during plea negotiations and debriefings which specifically discussed the matters of Marion's assets and forfeiture, among other things.

The element of detrimental reliance is more of a mixed bag. Marion cannot establish detrimental reliance for any of his actions which occurred prior to October 13, 2006. Marion was not arrested until September 8, 2006, and did not give his first proffer to the government until October 13, 2006. Therefore, Marion's July 21, 2006, line-of-credit with the Bank of America, the July 27, 2006 transfer to the checking account, and any payments towards the Larmie construction or on the Ford F-150 through October 12, 2006, cannot have been done in reliance by acts or representations of the government agents.[3] Payments on the house construction and the truck on and after October 13, 2006, could have been made in reliance upon the promises Marion asserts were made by government agents beginning on that date. Thus these payments, and only these payments, would qualify as detrimental reliance under Marion's equitable estoppel argument.

---

[3]Additionally, while Marion disputes the government's position that its initial decision not to seek forfeiture was made pursuant to internal guideline policies, this is not a material disputed fact. It is an undisputed fact that this initial non-forfeiture decision was made prior to the filing of the July, 2006 Indictment, and therefore the Properties were not listed in the forfeiture provision of the Indictment. Since Marion cannot rely on government conduct prior to October 13, 2006, at the earliest, the dispute is not material to any summary judgment issue.

Finally, Marion alleges the government's "bait and switch" tactics as the affirmative misconduct by the government. By this Marion refers to his assertion that the government encouraged him to use the loan money to increase the value of the Properties, promised him it would not forfeit the Properties or the loan money, then, after Marion spent the money increasing the value of the Properties, changed its mind and is attempting to forfeit the Properties. In sum, "Marion argues that the Government lied to him and that he relied on these lies much to his detriment." (Doc. #64, p. 7.) This argument is unavailing to establish the affirmative government misconduct element. McCorkle, 321 F.3d at 1297 (citing Montana v. Kennedy, 366 U.S. 308-314-15 (1961)). Therefore, even if Marion can establish the first three elements, he has not met his heavy burden of showing affirmative government misconduct.

Additionally, Marion has not disputed the government's assertion that he is not the owner of the F-150 Pickup Truck, and therefore has no standing to file a claim as to the truck. Therefore, summary judgment will be granted as to the truck and the estoppel argument.

**B.**

Marion also asserts that the Excessive Fines Clause of the Eighth Amendment to the United States Constitution precludes entry of summary judgment in favor of the United States. Neither the government nor the Report and Recommendation address this issue.

Accordingly, the government has not satisfied its burden as to this issue, and summary judgment on the excessive fines issue cannot be granted.

Accordingly, it is now

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. #63) is **accepted and adopted in part**, as supplemented by this Opinion and Order.

2. Plaintiff's Amended Motion for Summary Judgment (Doc. #50) is **GRANTED IN PART**. Judgment will enter in favor of the United States finding that (1) the United States is not estopped from forfeiture of 2627 Larmie Street, Fort Myers, Florida and the Ford F-150 Pickup Truck, and (2) Isaac Marion has no standing to assert a claim as to the Ford F-150 Pickup Truck. The issue of whether the Excessive Fines Clause of the Eighth Amendment to the United States Constitution remains as to 2627 Larmie Street, Fort Myers, Florida. The Clerk of the Court shall withhold entry of judgment until the conclusion of the case.

3. The case remains stayed pursuant to the November 3, 2008 Order (Doc. #62).

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of February, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record