UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            Case No. 2:07-cv-403-FtM-29SPC

REAL PROPERTY LOCATED AT 2676 LARMIE
STREET, FORT MYERS, FL 33916 AND ONE
2006 FORD F-150 PICKUP TRUCK,

        Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on the United States' Motion for Entry of Judgment (Doc. #66) filed on May 21, 2009. Marion's Response Opposing United States' Motion for Entry of Judgment (Doc. #68) was filed on June 3, 2009.

    In a prior Opinion and Order (Doc. #65), the Court granted in part the government's first motion for summary judgment. The Court found that the United States had established that the real property located at 2676 Larmie Street, Fort Myers, Florida[1] and the 2006 Ford F-150 pickup truck (collectively the Properties) were purchased with the proceeds of drug transactions and that Isaac L. Marion (Marion) was not an innocent owner. The Court also found that the United States was not estopped from forfeiting the

---

    [1]Due to a Scrivener's error, Doc. #65, p. 8, the Court incorrectly referred to the address as "2627" Larmie Street.

Properties, and that Marion had no standing to assert a claim as to the F-150 pickup truck.  The Court declined to reach Marion's assertion that the Excessive Fines Clause of the Eighth Amendment to the United States Constitution precluded entry of summary judgment in favor of the United States because neither the government nor the Report and Recommendation addressed this issue.  That issue is now before the Court.

The government correctly recognizes that the Eighth Amendment's Excessive Fines Clause applies to civil forfeitures, Austin v. United States, 509 U.S. 602, 622 (1993), and that the standard is whether the forfeiture would be "grossly disproportional to the gravity of the offense."  18 U.S.C. § 983(g).  See also United States v. Bajakajian, 524 U.S. 321, 337 (1998); United States v. Browne, 505 F.3d 1229, 1281-82 (11th Cir. 2007), cert. denied, 128 S. Ct. 2962 (2008).  The government puts forth two arguments: First, forfeiture of criminal proceeds can never be deemed grossly disproportional, and the Court has already found that 2676 Larmie was the proceeds of Marion's drug trafficking activities.  Second, the undisputed facts in this case establish that forfeiture of 2676 Larmie would not be grossly disproportional to the gravity of the offense of conviction.

As the government asserts, the majority of the circuit courts of appeal have held that forfeiture of criminal proceeds cannot be grossly disproportional as a matter of law, but rather is inherently always proportional.  (Doc. #66, pp. 10-13.)  In the

absence of any binding authority from the Eleventh Circuit Court of Appeals, the Court declines to rely upon such a blanket proposition.

The Eleventh Circuit recently summarized the process for determining whether a forfeiture in a criminal case would be excessive.

> A forfeiture order violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense. [ ] To make this determination, we principally look at three factors: (1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant. [ ] We do not take into account the impact the fine would have on an individual defendant. [ ] In addition, if the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional.

United States v. Seher, 562 F.3d 1344, 1370 (11th Cir. 2009)(internal quotations and citations omitted). The Court finds that these factors all favor a finding that forfeiture would not be excessive.

In Case No. 2:06-cr-88-FTM-29SPC, on November 13, 2006, Marion was adjudicated guilty of two drug offenses: Count One of the Indictment (Doc. #3) charged a five-year long (December 2000 to December 18, 2005) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, a felony offense with a statutory maximum penalty of a mandatory ten years to life imprisonment and a fine of up to $4 million. Count Three of the Indictment charged distribution of an unspecified quantity of cocaine on July 15,

2005, a felony offense with a statutory maximum penalty of up to twenty years imprisonment and a fine of up to $1 million. The combined fine range under the Sentencing Guidelines was $17,500 to $5 million.

By the time of sentencing, the government and Marion agreed that Marion had joined the charged conspiracy in 2002, and that his distribution of cocaine beginning December 2000 was not as a member of the charged conspiracy. (Case No. 2:06-cr-88, Doc. #135, pp. 2-3.) Marion was held responsible for the distribution of 50 to 150 kilograms of cocaine at sentencing, which did not include his pre-conspiracy cocaine distribution. (Presentence Report, ¶¶ 17-18; Case No. 2:06-cr-88, Doc. #135, at 6-7.) After taking into account the "safety valve," Marion was sentenced to concurrent 108 month terms of imprisonment, a concurrent 5 years and 3 years of supervised release, and no fine, and was ordered to forfeit four real properties and two vehicles. (Case No. 2:06-cr-88, Doc. #138; Presentence Report at 19.) The aggregate value of the property forfeited was under $200,000, after paid expenses. (Doc. #66-2.) The approximate value of 2676 Larmie Street is between $51,935 and $114,440.[2]

---

[2]Marion purchased 2676 Larmie Street, Fort Myers, Florida for $22,800.00 on March 8, 2006, however, the property was appraised for $3,000.00 on April 27, 2006 by the U.S. Marshal's Service. In July 2006, construction of a residence on the property commenced, and as of December 21, 2006, approximately $48,935 was spent for the construction. (Doc. #1-2, ¶ 11; Doc. #47, ¶¶ 1, 4, 8, 11, 15.) The Lee County Property Appraiser has attached a current assessed
(continued...)

The Court finds that Marion is precisely the type of person toward whom the criminal drug statute was principally directed. He engaged in a three year long criminal conspiracy to distribute cocaine, which was preceded by more than a year of other drug distributions. Marion was responsible for the distribution of 50 to 150 kilograms of cocaine in the charged conspiracy, a substantial quantity. The maximum sentence that could have been imposed was ten years to life imprisonment on Count One and 20 years imprisonment on Count Three, and the maximum fine on Count One alone was twenty times the amount forfeited in the criminal case. The harm caused by Marion's consistent and prolonged involvement in this cocaine conspiracy was significant. The Court finds that under the facts of this case the forfeiture of 2676 Larmie, in addition to the four other properties and two vehicles, would not be grossly disproportional and therefore does not violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Accordingly, it is now

**ORDERED:**

1. The Opinion and Order (Doc. #65) filed February 3, 2009, is corrected to reflect the proper address of 2676 Larmie Street, Fort Myers, Florida at page 8, paragraph 2.

---

[2](...continued)
value of $114,440. See http://leepa.org.

2. The United States' Motion for Entry of Judgment (Doc. #66) is **GRANTED**.

3. The Clerk of the Court shall enter Judgment in favor of the United States finding that: (1) The United States is not estopped from forfeiture of 2676 Larmie Street, Fort Myers, Florida 33916 and the Ford F-150 Pickup Truck Vehicle Identification Number 1FTPW125X6FA19771; (2) Isaac Marion has no standing to assert a claim as to the Ford F-150 Pickup Truck, Vehicle Identification Number 1FTPW125X6FA19771; and (3) that 2676 Larmie Street, Fort Myers, Florida, 33916, The Northerly 90 feet of Lot 23, Block 20, in that certain subdivision known as EVANS ADDITION NO. 2, according to the map or plat thereof on file with the office of the Clerk of the Circuit Court of Lee County, Florida, Plat Book 2, Page 1-A, including Isaac Marion's interest therein but subject to the Stipulated Settlement Agreement Between the United States of America and Petitioner Lee County Tax Collector (Doc. #37); and the Ford F-150 Pickup Truck, Vehicle Identification Number 1FTPW125X6FA19771, are forfeited to the United States of America.

4. The Clerk is further directed to close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of August, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record